UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------

VICTOR TARABORELLI,

                                  Plaintiff,        **CLASS ACTION**
                                              **COMPLAINT**

               -against-

MBI ASSOCIATES, INC.,

                                   Defendant.

*SPATT, J.*

*BOYLE. M.J.*

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ NOV 05 2010 ★
BROOKLYN OFFICE

--------------------------------------------------------------------

## COMPLAINT FOR VIOLATIONS
## OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on his own behalf and on behalf of all others similarly

situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of

the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"),

which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1.     This action seeks redress for the illegal practices of Defendant, concerning the

collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2.     This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3.     Venue is proper in this District because the acts and transactions that give rise to

this action occurred, in substantial part, in this District.

4.    Plaintiff is a resident of the State of New York.

5.    Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA in that the alleged debt that the Defendant, sought to collect from plaintiff is a consumer debt.

6.    Upon information and belief, Defendant is an active New York business, which violated the FDCPA by causing communication to be sent to the plaintiff in New York.

7.    Defendant is regularly engaged in the collection of debts allegedly owed by consumers.

8.    Defendant is thus a "Debt Collector" as that term is defined by § 1692(a)(6) of the FDCPA.

9.    Plaintiff received direct communications from defendant, who caused the collection letter complained of herein to be sent to the home address of plaintiff on or about April 26, 2010. Plaintiff also received telephone communications from defendant, who left voicemails on the plaintiff's answering machine numerous times within one year of the filing of this complaint.

10.    Said communications were attempts to collect a debt alleged to have been in default.

## CLASS ACTION ALLEGATIONS

11.    This action is brought by plaintiff as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiff and two separate and distinct classes. The first class consists of plaintiff and all consumers and their successors in interest with addresses located in the United States who have received initial debt collection notices and/or letters from the defendant as of one year prior to the filing of plaintiff's complaint until the present, which violated the FDCPA in one or more of the ways indicated within this

2

complaint. Excluded from this Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are members, officers, directors, employees, associates or partners of defendant.

12.     Plaintiff also brings this action on behalf of a second class, consisting of plaintiff and all consumers and their successors in interest located in the United States who have received telephone communications similar to the voicemails complained of herein, which violated the FDCPA by failing to mention that the purpose of the telephone call was to collect a debt. Excluded from this Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are members, officers, directors, employees, associates or partners of defendant.

13.     This action is properly maintained as a class action.  Both classes satisfy all the requirements of Rule 23 for maintaining a class action.

14.     Each class is so numerous that joinder of all members is impracticable.  Upon information and belief, 40 or more persons have received debt collection notices and/or voicemails from the defendant, which violate various provisions of the FDCPA.

15.     There are questions of law and fact which are common to each class and which predominate over questions affecting any individual class member.  These common questions of law and fact include, without limitation:

a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d 1692e, and 1692f.

b. Whether plaintiff and the classes have been injured by the conduct of the defendant; and

c. Whether plaintiff and the classes have sustained damages and are entitled to restitution as a result of the wrongdoing defendant and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

16. The claims of Plaintiff are typical of the claims of each class. The interests of the plaintiff are not adverse or antagonistic to the interests of other members of the classes.

17. Plaintiff will fairly and adequately protect the interests of each class and has retained experienced counsel, competent in the prosecution of class action litigation.

18. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. No unusual difficulties are likely to be encountered in the management of this class action.

19. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the members of each class will continue to suffer losses of statutorily protected rights as well as

4

monetary damages and if the conduct of defendant will proceed without remedy defendant will continue to reap and retain proceeds of ill-gotten gains.

20.     Defendant has acted on grounds generally applicable to each class in its entirety, thereby making appropriate relief with respect to each class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

21.     All the foregoing paragraphs are incorporated by reference as if set forth fully herein.

22.     Upon information and belief, the collection letters that plaintiff received are form letters sent by defendant to the plaintiff. Attached as Exhibit A are redacted copies of the collection letters received by plaintiff.

23.     Collection letters, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

24.     Section 1692(e) prohibits a debt collector from using false, deceptive or misleading means when attempting to collect an alleged debt from a consumer.

25.     Defendant violated § 1692(e) by making a false representation that it was entitled to receive compensation for all credit card payments made by a consumer.

26.     The letters sent to the plaintiff contained a statement at the bottom reading "[t]here will be a $5.00 processing fee for all credit cards."

27.     The foregoing is also a violation of § 1692(f) which prohibits debt collectors from collecting fees and concealing the true purpose of the fees.

28.     Upon information and belief, the credit card fee is not a third-party fee, and is incidental to plaintiff's purported actual debt. No law or agreement authorized the five-dollar fee.

5

29.    Defendant violated both §§ 1692(e)(2) and (f)(1) by falsely representing that the transaction fees are permissible.

30.    Defendant violated §§ 1692(d) and 1692(f) by leaving at least three (3) voicemails on the defendant's answering machine – all of which failed to notify plaintiff that the messages were transmitted for the purpose of collecting a debt.

31.    Section 1692(e) requires that a debt collector state that the debt collector is attempting to collect a debt and that any information received will be used for that purpose. Plaintiff received three (3) different telephone messages from the defendant. Each message stated the person's name who left the message, the phone number, extension, reference number, and the corporation name of the defendant. Never in any of these messages did the defendant or any of its agents state that it was for the purpose of collecting a debt.

32.    The telephone messages also violate § 1692(d) because defendant repeatedly caused plaintiff's telephone to ring with the intent to harass or annoy the plaintiff.


        **WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

        a)      Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

        b)      Awarding plaintiff and the class statutory damages;

        c)      Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

        d)      Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.


Dated:   Cedarhurst, New York

                                        6

October 28, 2010

Plaintiff requests trial by jury on all issues so triable.

Lawrence Katz, Esq.
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone  (516) 374-2118
Facsimile  (516) 706-2404

7

# EXHIBIT A

100 Merrick Rd Suite 430W
Rockville Centre Ny 11570

Return Service Requested

August 31, 2010

PERSONAL & CONFIDENTIAL
Taraborelli, Victor                    1839310

▬▬▬

███████████

lulluullluulululllluulllullaluulllululullulldll

**MBI ASSOCIATES INC.**
**100 Merrick Rd Suite 430W**
**Rockville Centre Ny 11570**

**(516) 678-9705**
**(718) 767-0867**
Fax **(516) 678-8148**

**New York City Dept. of Consumer**
**Affairs License #0919488**

<u>**ACCOUNT IDENTIFICATION**</u>

Re : New Island Hosp Of Li - Ip Sp
Debtor : Victor Taraborelli
Service Date            : 05-04-09
Account Number      : 190012686
Reference Number    : 1839310
Balance Due             : $500.00

Dear Victor Taraborelli,

We are assisting New Island Hosp Of Li - Ip Sp in the auditing of their accounts receivable. According to their records the above balance is still outstanding.

If you have paid this balance, please advise this office immediately.

If you have insurance that will cover this service, you may fill in the information requested on the back of this letter so we can submit this claim on your behalf. If you have not paid, please send your payment promptly so your account can be closed. This does not affect your right set forth herein.

Should you have any questions, please call the above number.

Thank you for your cooperation in resolving this matter.

Diann Houlroyd 800-428-8109 Ext 120
MBI ASSOCIATES INC.

This communication is from a debt collector and is an attempt to collect a debt and information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

There will be a service charge of $20.00 for all returned checks.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION
Page 1 of 2

-------------------------------------------------Detach and Return with Payment-------------------------------------------------

<u>**ACCOUNT IDENTIFICATION**</u>

Re: New Island Hosp Of Li - Ip Sp
Debtor: Victor Taraborelli
Service Date            : 05-04-09
Account Number      : 190012686
Reference Number    : 1839310
Balance Due             : $500.00

Amount Enclosed: _____

For Credit Card Payment
  use back of form.

For your convenience you may now pay on-line
at www.paymbi.com

There will be a $5.00 processing fee for all
credit cards.

MBI ASSOCIATES INC.
100 Merrick Rd Ste 430W
Rockville Centre, NY  11570-4806
lulluullltlulullluululuulululdll

1ASSIST 000443P 1 472 000431 243 077500 S-CRE

RE: New Island Hosp Of Li - Ip Sp

Enter the requested information in the spaces provided below.

Patient Name :_____          Date of Birth :_____

Social Security Number :_____          Home Telephone :_____

Insurance Co. :_____          Policy Holder :_____

Address of Insurance Co. :_____          Blue Cross ID # :_____

Ins Co. Tel Number :_____          Medicaid # :_____

Policy # :_____                     (Example AB12345C)

Group # :_____                Supplemental # :_____

Medicare # :_____          Claim# / WCB# :_____

Was patient's injury job related?                _____No_____Yes–if yes, fill out above information.

Was patient injured in an automobile accident?     _____No_____Yes–if yes, fill out above information.

## Assignment of Benefits and Authorization to Release Medical Information

I hereby assign any and all benefits to which I may be entitled to the provider of service and authorize said benefits to be paid directly to said provider, or its agent or representative.  I understand further that I am financially responsible for all charges not covered by this Assignment.  I further authorize the release of any and all medical information requested by my insurance company to process this claim.

Patient's Name (Printed): _____

Patient's Signature: _____          Date:_____
                     Parent or Guardian if Patient is a Minor

Insured's Signature: _____          Date:_____

------------------------------------------------------------------------

MBI Associates, Inc.

REF #: 1839310                Please Bill My Charge Card:

AMT. DUE:  $500.00

               () Master Card   () Visa    () American Express

               Card Number: _____

               Expiration Date: Month _____Year _____

               Name as Shown on Card: _____

               Charged Amount: $ _____

               Cardholder Signature: _____

               There will be a $5.00 processing fee for all credit cards.

100 Merrick Rd Suite 430W
Rockville Centre Ny 11570

Return Service Requested

August 31, 2010

PERSONAL & CONFIDENTIAL
Taraborelli,Victor            1840610

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

**MBI ASSOCIATES INC.**
100 Merrick Rd Suite 430W
Rockville Centre Ny 11570

**(516) 678-9705**
**(718) 767-0867**
**Fax (516) 678-8148**

**New York City Dept. of Consumer
Affairs License #0919488**

## ACCOUNT IDENTIFICATION

Re : New Island Hospital Of Li
Debtor : Victor Taraborelli
Service Date         : 06-17-09
Account Number   : 290020820
Reference Number : 1840610
Balance Due          : $75.00

Dear Victor Taraborelli,

We are assisting New Island Hospital Of Li in the auditing of their accounts receivable. According to their records the above balance is still outstanding.

If you have paid this balance, please advise this office immediately.

If you have insurance that will cover this service, you may fill in the information requested on the back of this letter so we can submit this claim on your behalf. If you have not paid, please send your payment promptly so your account can be closed. This does not affect your right set forth herein.

Should you have any questions, please call the above number.

Thank you for your cooperation in resolving this matter.

Diann Houlroyd 800-428-8109 Ext 120
MBI ASSOCIATES INC.

This communication is from a debt collector and is an attempt to collect a debt and information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

There will be a service charge of $20.00 for all returned checks.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION
Page 1 of 2
------------------------------------------------Detach and Return with Payment--------------------------------------------------

## ACCOUNT IDENTIFICATION

Re: New Island Hospital Of Li
Debtor: Victor Taraborelli
Service Date         : 06-17-09
Account Number   : 290020820
Reference Number : 1840610
Balance Due          : $75.00

Amount Enclosed: _____

For Credit Card Payment
   use back of form.

For your convenience you may now pay on-line
at www.paymbi.com

There will be a $5.00 processing fee for all
credit cards.

MBI ASSOCIATES INC.
100 Merrick Rd Ste 430W
Rockville Centre, NY  11570-4806
‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

1ASSIST 000444P 1 472 000432 243 077500 S-CRE

RE: New Island Hospital Of Li

Enter the requested information in the spaces provided below.

Patient Name :_____          Date of Birth :_____

Social Security Number :_____          Home Telephone :_____

Insurance Co. :_____          Policy Holder :_____

Address of Insurance Co. :_____          Blue Cross ID # :_____

Ins Co. Tel Number :_____          Medicaid # :_____

Policy # :_____                    (Example AB12345C)

Group # :_____          Supplemental # :_____

Medicare # :_____          Claim# / WCB# :_____

Was patient's injury job related?          _____No_____Yes–if yes, fill out above information.

Was patient injured in an automobile accident?     _____No_____Yes–if yes, fill out above information.

#### Assignment of Benefits and Authorization to Release Medical Information

I hereby assign any and all benefits to which I may be entitled to the provider of service and authorize said benefits to be paid directly to said provider, or its agent or representative. I understand further that I am financially responsible for all charges not covered by this Assignment. I further authorize the release of any and all medical information requested by my insurance company to process this claim.

Patient's Name (Printed): _____

Patient's Signature: _____  Date:_____
                      Parent or Guardian if Patient is a Minor

Insured's Signature: _____  Date:_____

--------------------------------------------------------------------------------

MBI Associates, Inc.

REF #: 1840610          Please Bill My Charge Card:

AMT. DUE: $75.00

                   () Master Card   () Visa   () American Express

          Card Number: _____

          Expiration Date: Month _____Year _____

          Name as Shown on Card: _____

          Charged Amount: $ _____

          Cardholder Signature: _____

          There will be a $5.00 processing fee for all credit cards.

Page 2 of 2